## BATTLE v MIDDLE WESTERN MUTUAL BENEFIT ASS'N

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 28, 1932

ROBERTS, J.

H. J. Fugett, Youngstown, for plaintiff in error.

John H. McNeal, Cleveland, and A. L. Burgstaller, Youngstown, for defendant in error.

The cause came on for trial before the Municipal Court without a jury, and judgment was there entered in favor of the defendant company. Error has been prosecuted to this court directly from the Municipal Court, claiming that prejudicial error occurred in several respects, namely:

1. That the judgment of the court was contrary to law.

2. That the judgment of the court was against the weight of the evidence and contrary to law.

It is claimed by the defendant in error that no motion for a new trial was filed subsequent to the entering of this judgment in the Municipal Court and this is not understood to be disputed, and it is claimed by the insurance company, the defendant in error, that no motion for a new trial having been filed or determined, that this court is not authorized to determine whether or not the judgment was contrary to or against the weight of the evidence.

A few authorities will be referred to upon this proposition. It has been repeatedly held in this state that a motion for a new trial is required in order to review the weight of the evidence. **Jacob Laub Baking Company v Middleton, 118 Oh St, 108-119.**

"There was no motion for a new trial filed, however, and consequently the bill of exceptions is not available for a review of the weight of the testimony. **Turner v Turner, 17 Oh St, 449.**

"The findings of a court or jury, on the trial of causes of fact made by the pleadings in an action, are not subject to review on proceedings in error, except where it appears from the record that a motion for new trial was made on the ground that the verdict is against the evidence, and that such motion has been overruled." **Everett, Meddell & Co. v Sumner, 32 Oh St, 562.**

The diligence of counsel for the defendant in error has resulted in the citation of many authorities upon this proposition, and it seems to be the well settled rule that in the absence of motion for new trial a reviewing court is not authorized to determine or reverse upon the weight of the evidence.

With that claim of error eliminated from consideration, the following remains, that the judgment of the court was contrary to law, and upon this proposition the insurance policy contained this clause or paragraph:

"Incontestibility. After this certificate shall have been in force two full years from date herein, it shall be incontestible except for non-payment of dues or pledge or for failure to have the certificate in-

dorsed in case of previously issued certificate, or for habitual violation of the rules of the association and the law, federal, state or municipal."

The Municipal Court having held that by reason of a disability or disease which afflicted the insured at the time of the issuance of the policy, the policy was not operative to protect the beneficiary, death having resulted from this disability, and the plaintiff in error asserts this incontestible clause, taking the position that because of that clause or paragraph in the policy the insurance company, as is claimed, is not authorized to deny liability upon the matters set up in the answer.

The certificate contains the following:

"In consideration of the representations and agreements in the application herefor, which is made a part hereof, and of the dues stipulated herein, to be paid on or before each Monday at 12 o'clock noon, grant this certificate with the privileges and benefits and subject to the conditions and provisions on this and the following pages, which are made a part of this contract."

Further it is said:

"This certificate shall not take effect unless upon its date the member shall be alive and in good health and the dues duly paid."

There is no question in this case, it may now be stated, but that the dues had been properly and fully paid. It is asserted and not denied that the certificate contained the following:

"No. 8. Claim Concession. The Association assumes no obligation for death resulting from sickness or disease contracted or accidental injury sustained prior to the date hereof, or while the member is in arrears more than four Mondays."

Now, the defense against the claim of the plaintiff in error is based upon these two propositions: One was that the certificate shall not take effect unless upon its date the member shall be alive and in good health, and the further one that the Association assumes no obligation for death resulting from sickness or disease contracted or accidental injury sustained prior to the date hereof, and it is claimed by defendant in error that when this policy was issued the insured was not in good health,

but was afflicted with a malady or disease which subsequently caused her death, to-wit, an exophthalmic goiter, and furthermore under clause 8, that the company did not become obligated for a death resulting from sickness or disease sustained prior to the date hereof.

This is the proposition perhaps principally relied on that this woman was afflicted with this goiter at the time she took out the policy of insurance, and by the express terms of the certificate the company assumed no liability whatever for a pre-existing disease, so here are the conflicting attitudes of the two parties in this case, the insurance company claiming that they never insured against a disease which was existing at the time the policy was taken out, and further that the policy never went into effect unless at the date of its issuance she was in good health, and the insured claiming that these matters or defenses are waived by the incontestibility clause, which has been previously read.

The diligence of counsel for plaintiff in error has cited numerous decisions and authorities upon this proposition of incontestibility, some of which seem to indicate that a defense may not be made as is attempted to be asserted in this case, upon the proposition of not having assumed liability or not being in good health at the time the policy was issued. Most of the authorities, however, as seems to be indicated by somewhat careful examination thereof, do not seem to cover the precise proposition.

Couch on Cyclopedia of Insurance Law, Vol. 8, §2155, page 6955, is quoted:

"Provisions of insurance policies or benefit certificates and contracts, which render them incontestible as against all but specified defenses, are generally regarded as valid, being neither unreasonable nor against public policy, at least if the period fixed is sufficient to enable the insurer, by exercise of proper diligence, to ascertain whether or not fraud and so forth has been practiced."

And that seems to recognize that specific defense might be properly asserted as attempted by the insurance company in this case.

Page 6956:

"Furthermore, a reasonable incontestible clause as a general rule cuts off all defenses except those specifically and expressly excepted, including defenses based upon public policy," and so forth.

In the case of Mutual Reserve Fund Life Ass'n v Austin, 142 Fed., 398, it is said:

"A provision in a life insurance policy that 'if this policy of insurance shall have been in continuous force for three years from its date, it shall thereafter be incontestible except for nonpayment of premium provided, etc'."

But, it is claimed so far as this policy was concerned that it never was in force so far as these specifically excepted matters are concerned. The quotation proceeds:

"—must be given effect in accordance with the expressed intention of the parties as covering all grounds for contest not expressly excepted therein."

In Cooley's Brief on Insurance, Vol. 5, 2nd Ed., 484, it is said:

"Such a stipulation is neither unreasonable nor contrary to public policy. It is true there is in the policy a stipulation that a fraud shall vitiate it, but this is not inconsistent with the further requirement that the insurer must set up the fraud in the time limited."

Time will not be taken to read further from these authorities, some of which seem to support the contention of the plaintiff in error, and some of which seem to recognize the exception of matters as against which liability is not assumed. So far as fraud is concerned and the provisions of §9391-2 GC, formerly §3625 of the Revised Statutes, relating to a defense made on insurance policies on the ground of fraud, where it must be clearly proven and so forth, that is not a proposition which was asserted or made an issue in this case.

We desire to call attention to one authority, that of **Metropolitan Life Insurance Company v Howle, 62 Oh St, 204**, where the second paragraph of the syllabus, reads:

"Where a life insurance policy contains a condition to the effect that no obligation is assumed by the company unless at the date of the policy the insured is alive and in sound health, there can be no recovery upon such policy if it is made to appear upon the trial that the insured was not in sound health at the date of the policy."

That seems to be expressly upon the

360

proposition involved in this case. Now, was the insured in sound health at the time of the issuing of the policy, or was she afflicted with a malady which prevented the policy from taking effect which subsequently caused her death? While, as it has been said, this court may not determine the weight of the evidence a specific ground for reversal, yet for a determination as to whether or not the judgment was contrary to law, it must look to the terms of the policy and the evidence relating thereto.

Time will not be taken to read from the evidence nor the exhibits. The death certificate was introduced in evidence and it read that this woman had been afflicted with this exophthalmic goiter for eight years previous to her death, and one of her attending physicians testified, reading briefly from page 30 of the record in the examination of Dr. Skipp:

"Q. I think you said she told you it was at the time of childbirth?

A. Well, she said it was a mass in her neck, but it never bothered her until childbirth.

Q. What did she tell you?

A. She told me she had a goiter practically all her life."

We think, without going into all of the testimony upon this proposition, that the evidence fairly indicates that the insured in this case did have this goiter at the time the insurance was taken out, and such being the fact liability to respond for her death caused by that disease was not assumed by the insurance company and was a matter especially exempted from liability, and such being the fact the plaintiff below would not be entitled to recover, and the judgment of the Municipal Court is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.