### DIEHL v DIEHL

Ohio Appeals, 1st Dist, Hamilton Co

No 4151. Decided Jan 26, 1933

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for plaintiff in error.

P. M. Pogue, Cincinnati, Bert H. Long, Cincinnati, and Robert H. French for defendant in error.

KUNKLE, J.

Sec 11631 GC provides when a judgment of the Common Pleas Court or of the Court of Appeals may be modified after term. Paragraph 4 is as follows:

"For fraud practiced by the successful party in obtaining a judgment or order."

Paragraph 10 is as follows:

"When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted."

The issues raised by the pleadings in this case clearly show that this proceeding was brought under the provisions of **paragraph 10 of §11631 GC.** The petition specifically states that the fraud consisted of false testimony given by Grace A. Diehl in the respects stated in the petition and that without such false testimony the judgment in favor of Grace A. Diehl would not have been secured.

Counsel for defendant in error in their briefs elaborate upon the theory that the judgment in question was secured by virtue of a conspiracy entered into between Grace A. Diehl and a Mr. Newhall; that such conspiracy constituted the fraud complained of and brought the case within the provisions of **Paragraph 4 of §11631 GC.**

We think it sufficient to say that no such issue is raised by the pleadings. We have also read the record with care and find no testimony supporting such contention. The testimony in the case before Judge Ryan is to a very large extent a repetition of the testimony that was taken before Judge Darby and in such testimony Mrs. Diehl states and restates that she did receive substantially $3000 from her relatives in the form of gifts and inheritances which she turned over to her husband. She at different times explains her idea of what constitutes an inheritance and the sense in which she used that term.

We cannot escape the conclusion but that this proceeding, under the pleadings and the evidence, must be held to have been

brought under the provisions of **paragraph 10 of §11631 GC** and as one of the provisions of paragraph 10 is that the guilty party must have been convicted of perjury that the plaintiff has failed to sustain his case. Grace A. Diehl was not only not convicted but she was dismissed in the Municipal Court of Cincinnati upon an affidavit filed by George S. Diehl charging her with perjury in the respects stated in the petition.

In the hearing before Judge Ryan certain records from the Building and Loan; from the Probate Court and from the Bank were produced. There is no showing that these records were not available to George S. Diehl at the time of the hearing before Judge Darby. Certain account books of Mr. Diehl were also produced in the hearing before Judge Ryan.

He claims that he could not secure these books at the hearing before Judge Darby.

We think it sufficient to say that no demand was made for these books. They could have been secured had such a demand been made as provided by statute. In addition the record does not support Mr. Diehl's statement that he was prevented from going to the house prior to the hearing before Judge Darby by reason of an injunction. This injunction was dissolved before the hearing was had before Judge Darby.

Admitting, however, the most that can be claimed from these additional books and papers, when the entire record is considered, we think the plaintiff below failed to prove any charge of fraud by clear and convincing evidence and therefore the judgment of the lower court was not sustained by sufficient evidence.

Counsel agree that the judgment may not be disturbed unless the plaintiff below established fraud, whether under **paragraph 4** or **paragraph 10** of **§11631 GC**, by clear and convincing evidence.

Without attempting to discuss the many authorities that are pertinent, we will briefly call attention to he case of **Michael v American Naional Bank, 84 Oh St, 370.**

The second paragraph of the syllabus is as follows:

"2. The fraud or undue advantage for which a court of equity will set aside a judgment or decree must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered."

The question as to whether Grace A.

Diehl did or did not give to her husband the sum of approximately $3000 which she claims was received by her in the form of gifts and inheritances from her relatives was one of the main contentions in the hearing before Judge Darby. This issue was also referred to in other litigation had between these parties.

In the **115 Oh St at page 398, Mason v Tremayne** the syllabus is as follows:

"Where a party seeks a new trial after term upon the ground of false testimony on the part of the successful party or any witness in his behalf pursuant to **paragraph 10 of §11631 GC** the record must affirmatively show that ordinary prudence could not have anticipated or guarded against such false testimony and that the guilty party has been convicted; if newly discovered evidence material for the party applying is urged as a ground for a new trial it must be shown that such newly discovered evidence could not with reasonable diligence have been known and produced at the trial. In an absence of such showing a new trial should be denied."

The same general rule as to diligence applies whether the proceeding is had under **paragraph 10 or paragraph 4 of §11631 GC** and we are clearly of opinion that the plaintiff has not brought himself within the rule above announced.

See also the reasoning of the court in the case of **The Cincinnati Gas and Electric Co. v Coffelder, 11 O.C.C. (N.S.), 289**, being a decision of the Circuit Court of Hamilton County.

There is another phase of the case to which we should call attention. It is conceded that in 1928 these parties were divorced and notwithstanding the extended litigation between them since that date no effort has been made to reverse or modify that portion of the judgment granting the divorce. The divorce therefore stands. It is admitted that at the time of the granting of the divorce the title to the residence property was in the name of Mr. Diehl; it is also admitted that the title to the Flat Building referred to as parcel No. 2 was in Mrs. Diehl and had stood in her name for several years prior to the commencement of the litigation; that the title to the Hosea Avenue property was in Mr. Diehl. The deeds made at different times by Mr. Diehl to Mrs. Diehl for the property known as parcel No. 2 have not been set aside.

The trial court seems to have proceeded upon the theory that the statutes govern-

ing the disposition of the property of the parties where a divorce is granted had no application.

The divorce in this case was granted to Mrs. Diehl by Judge Darby, on account of the aggression of her husband, George S. Diehl.

At the time of the granting of such divorce and for several years prior thereto, the title to parcel No. 2 was in Mrs. Diehl.

Sec 11990 GC defines the status of the parties as to their real estate where the divorce is granted by reason of the aggression of the husband.

"When a divorce is granted because of the husband's aggression, by force of the judgment the wife shall be restored to all her lands, tenements and hereditaments not previously disposed of and the husband barred of all right of dower therein and allow such alimony out of her husband's property as it deems reasonable * * *."

The trial court was without authority to modify the rights which §11990 GC conferred upon the wife where the divorce was granted her by reason of the aggression of her husband.

Sec 11991 GC also defines the rights of the wife in the event she survives her husband, in the real estate not allowed to her as alimony and of which he was seized during coverture and in which she had not relinquished her right of dower.

With the divorce between the parties still in full force and effect, the trial court was without authority to modify the rights of the wife under §11991 GC.

Among the many authorities cited by counsel relating to indefinitely prolonging litigation is the case of **Minetti v Einhorn,** reported in **32 OLR, page 465.**

This is a well reasoned opinion by Judge Ross of the Court of Appeals of Hamilton County.

The second paragraph of the syllabus of this case is as follows:

"To grant vacation of a judgment on an allegation of perjured testimony would be to destroy the stability of judgments and cause no end of litigation, from which it follows that it is better that an injustice be sometimes suffered than that litigation be indefinitely prolonged."

We think the reasoning of Judge Ross as found in the above case is applicable to the case at bar.

Without considering the many other questions which counsel have presented, we are clearly of opinion not only that the judgment of the lower court should be reversed but that this court should proceed to render the judgment which the lower court should have rendered, viz: to make a finding in favor of the defendant below and to dismiss the petition of the plaintiff below.

ALLREAD, PJ, and HORNBECK, J, concur.