**EASTMAN v A G SHARP LUMBER CO et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 23, 1934

Nicholson & Warnock, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendants in error.

**OPINION**

By FARR, J.

Therefore, this situation resolves itself into the following: That Eastman unfortunately undertook to represent himself in the trial of his cause, in the first instance, having discharged the last two attorneys employed by him; that no error was predicated upon or prosecuted to the admission of the exhibits about which complaint is made. Therefore, that being the only way in which the question of the validity or weight of the evidence could be raised, he is now without a remedy in the premises. The accountant who examined the accounts and made his report says at page 7 of exhibit 5:

"Yes sir, and that has been checked through cancelled checks Mr. Eastman turned over to the company."

It is well settled that a motion for a new trial would be necessary as a condition precedent to a review on the weight of the evidence; **Battle v Benefit Association, 13 Abs 357**, syllabus No. 1, where it is said:

"A motion for a new trial is necessary as a condition of review of the weight of the evidence."

See also **Cox v Cox, 34 Oh Ap, 192. In the Matter of Veselich, 22 Oh Ap, 528, (5 Abs 277)**, it is held in syllabus 4:

"In petition to vacate for fraud evidence must be clear and convincing."

And in **Diehl v Diehl, 13 Abs 723**, syllabus 3 reads as follows:

"A judgment will not be set aside under §11631 GC, p. 4, on the ground that it was obtained by fraud unless fraud is established by clear and convincing evidence."

Therefore, the sole reliance of plaintiff is upon his cancelled checks and receipts and his own testimony. These were all available at the former trial, which he did not choose to defend.

It is urged that there was false testimony adduced upon the former trial, but it must be recalled that a judgment is final, even though it be obtained upon perjured testimony, as held in 34 C. J., 284, §497:

"Perjury at the trial is generally held to be no ground for vacating the judgment as being one obtained by fraud, unless specifically made so by statute. This rule rests upon grounds of public policy which requires that there shall be an end to litigation."

The auditor in the instant case made up the account from the records of the Company and the checks of Eastman. Therefore, his testimony could hardly be perjured, even though he may have been mistaken, and in Ohio a judgment can not be set aside on the ground of perjury unless there has been a conviction; §11631 GC, paragraph 10.

Again, it is provided in 34 C. J., 278, §496, as follows:

"The fact that a judgment was obtained through fraud or collusion is universally held to constitute a sufficient reason for opening or vacating such judgment in a proper form of proceeding, either before or after the term at which it was rendered,

courts of record possessing an inherent common-law power in the behalf, which is not dependent upon legislation, although in some states statutes expressly confer power to vacate judgments upon the ground of fraud and regulate its exercise. Inferior courts not of record do not possess this power, unless conferred by statute. The authority to set aside judgments for this cause after the term is limited to cases where the fraud complained of was practiced in the very act of obtaining the judgment, and all cases of fraud which might have been used as a defense to defeat the action are excluded; the fraud must be extrinsic and collateral to the matter tried, and not a matter which was actually or potentially in issue in the action, unless the interposition of such defense was prevented by fraud, accident, or the act of the opposite party without fault or blame on his own part. The principle that a final judgment concludes all matters litigated, or which might have been litigated in the case, affords the fundamental reason for this rule, which applies equally whether the judgment is attacked by motion in the cause or by separate suit. The instances in which the judgment may be vacated are those in which the party is prevented from having a fair trial of the real issue by reason of the fraudulent contrivance of his adversary. Fraud practiced upon the court is always ground for vacating the judgment, as where the court is deceived or misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair. So a judgment may be vacated for misrepresentations or tricks practiced upon defendant to keep him away from the trial, or to prevent him from claiming his rights in the premises, or from setting up an available defense, or for fraudulent collusion between some of the parties to the action, or between the counsel in the case, working injury to the just rights of the others. Mere failure to disclose to the adversary, or to the court, matters which would defeat one's own claim or defense is not such extrinsic fraud as will justify or require vacation of the judgment. Actual fraud as distinguished from constructive fraud is essential."

See also 23 O. Jur., page 1195, §1094. An examination of cases and authorities cited for plaintiff in error leads to the conclusion that they are hardly applicable in a number of instances, and at least not controlling in the instant case,

It is therefore concluded that plaintiff in error having failed to file motion for new trial, according to the statute, may not now have the evidence reviewed, and it is doubted whether the petition states a cause of action, although the trial court properly indulged the hearing of the case, and finally there is an utter failure to show that fraud intervened, as alleged, and for the reason given the judgment is affirmed.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in judgment.